# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 11-628V
Filed: October 15, 2013

************************************

HOLLY HELMS, on behalf of her minor *
child, LAYLA MICHELLE HELMS, *
                 *
       Petitioner, *
                 *
v. *
                 *
SECRETARY OF HEALTH *
AND HUMAN SERVICES, *
                 *
       Respondent. *
                 *

UNPUBLISHED

Special Master Dorsey

Petitioner's Motion for a Decision
Dismissing the Petition; Insufficient Proof
of Causation; Vaccine Act Entitlement;
Denial Without a Hearing; Table Injury;
DTaP; encephalopathy.

************************************

Aaron Russell Dias, RPWB, LLC, Mt. Pleasant, SC, counsel for petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, DC, counsel for respondent.

## DECISION[1]

On September 29, 2011, petitioner filed a petition seeking compensation in the National Vaccine Injury Compensation Program ("the Program") on behalf of her daughter, Layla Michelle Helms ("Layla"). Petitioner alleged that Layla suffered a Table encephalopathy as a result of a diphtheria, tetanus, pertussis (DTaP) vaccination she received on June 16, 2009. Petition at 1-2. On September 24, 2012, respondent filed a report pursuant to Vaccine Rule 4(c) stating that Layla did not meet the requirements for a Table encephalopathy and thus petitioner could not prevail without a medical opinion or theory supporting her allegation or establishing a logical cause and effect relationship between the DTaP vaccine and Layla's injuries. Respondent's Rule 4 report at 14 – 15. Upon review of the information in the record, the undersigned finds that petitioner is not entitled to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

1

On October 15, 2013, petitioner filed a Motion for a Decision dismissing her petition. Petitioner asserts in her Motion that an investigation of the facts and science supporting her case has demonstrated that, at this time, she will be unable to demonstrate entitlement to compensation in the Program. See Pet'r's Motion at 1. Accordingly, petitioner requests that the undersigned dismiss her petition. Id. Respondent has no objection to petitioner's motion.[2]

To receive compensation under the Program, a petitioner must prove either 1) that Layla suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that Lalyla suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover preponderant evidence that Layla suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Layla's alleged injuries were vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records that have been filed do not support petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that Layla suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Special Master

---

[2] See ECF Docket entry entered on 10/15/2013 (Informal Remark from respondent's counsel).